UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>T-MOBILE USA, INC., RESEARCH IN MOTION CORPORATION, NOKIA INC., BEST BUY CO., INC., WAL-MART STORES, INC., COSTCO WHOLESALE CORPORATION, OVERSTOCK.COM, INC., SEARS ROEBUCK AND CO., AMAZON.COM, INC., RADIOSHACK CORPORATION, ALCATEL-LUCENT USA INC., D-LINK SYSTEMS, INC., INTELLINET TECHNOLOGIES, INC., ACME PACKET INC., JUNIPER NETWORKS, INC., SAMSUNG TELECOMMUNICATIONS AMERICA LLC, and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:10-cv-00379-LED<br><br>JURY TRIAL REQUESTED |

**EON'S MOTION FOR RECONSIDERATION OF THE COURT'S**
**MEMORANDUM AND ORDER ON CLAIM CONSTRUCTION (DKT. #613)**

EON requests reconsideration of two passages in the Court's Memorandum and Order on claim construction (Doc. No. 613) (the "Markman Order") of February 8, 2012. While these passages may be considered explanatory and clarifying, correcting them now will efficiently minimize the potential for confusion and misinterpretation of the Court's final claim constructions.

The first passage (at page 26) recites "incoming data" when the claim refers to "outgoing data" and appears to be a ministerial error. The second passage (at page 16) describes an embodiment in a manner the Defendants already have interpreted as defining the full scope of

the invention, despite the Court's later statement to the contrary.  Because these two statements

(concerning the modem communicating over either digital or analog channels) have been and

likely will continue to cause confusion, clarification will efficiently move the case forward.

## I.    "OUTGOING" DATA MOVES FROM BASE STATION TO SUBSCRIBER UNIT.

Section "d. '**receiving a signal**' / '**not receiving a signal**'" at the top of page 26 of the

Markman Order refers to the determining steps of independent Claims 5 and 17:

> The method steps listed after "if said subscriber unit is not receiving a signal from
> said local base station repeater cell, performing the steps of" are not performed if
> the "determining" step determines that the subscriber unit is receiving a digital
> signal representative of **incoming data from the local base station repeater cell**.

The word "incoming" should be "outgoing."  In the claims the incoming/outgoing reference is

from the network's perspective.  Outgoing messages transmit from the base station to the

subscriber units, while incoming message transmit from the subscriber units to the base station.

EON submits that this clarification will prevent confusion when the claim constructions

are presented to the jury.

## II.    MODEM LINKS MAY BE DIGITAL OR ANALOG.

As a basis for declining to adopt Defendants' construction of "communicatively

coupled," the Court at page 16 of the Markman Order describes an embodiment disclosed in the

'491 Patent in which the modem-to-subscriber-unit coupling is "via digital communications and

not through modulated/demodulated signals."  The definitive nature of the statement (the modem

*is*) apparently has become a source of confusion despite the statement later in the same passage

(at page 19) that recognizes that the scope of the invention includes <u>both</u> digital and analog

communication links between the modem and network components.  Moreover, the Court

acknowledges (at page 18) that the rf link between the subscriber units and modem carries

"digital message superimposed by modulation on the 218-219 MHz band subcarrier," an analog carrier signal.  (See Exh. 1, David Lyon Declaration in Support of Reconsideration at ¶ 7.)

The Defendants have told EON they interpret the Court's early statement, on page 16 of the Markman Order, as limiting the modem-to-subscriber unit link to just digital signals and expressly excluding any analog carrier signal on which digital information is modulated.  The dependent claims of the '491 Patent requiring an rf link or a 218 to 219 MHz link between the subscriber unit and the modem use an analog carrier signal.  (Lyon Decl. at ¶8).  In light of the accurate statements, which describe the full scope of the invention as encompassing either digital or analog modem links, EON submits that this easily can be clarified.  EON proposes confirming to the parties that the digital communication link described at page 16 of the Markman Order is indeed just one way to practice the invention and does not define the modem-to-subscriber-unit link to preclude the use of an analog carrier signal.

## III.    SPECIFIC CLARIFICATIONS REQUESTED

For the reasons above, EON requests the Court modify its Markman Order ruling by:  (1) changing the word "incoming" to "outgoing" on page 26 (to read: "... digital signal representative of *outgoing* data ...."); and (2) changing the word "is" to "may be" on page 16 (to read: "because the modem *may be* communicatively coupled to a subscriber unit via digital communications....").

EON'S MOTION FOR RECONSIDERATION OF
MEMORANDUM AND ORDER (DKT. #613) OF FEBRUARY 8, 2012 OF
MAGISTRATE JUDGE JOHN D LOVE REGARDING CLAIM CONSTRUCTION

3

Dated:  February 22, 2012

Respectfully Submitted,

*/s/ Craig S. Jepson*
Daniel R. Scardino
Texas State Bar No. 24033165
email:  dscardino@reedscardino.com
Cabrach J. Connor
Texas State Bar No. 24036390
email:  cconnor@reedscardino.com
Cary Ferchill
Texas State Bar No. 06906900
email:  cferchill@reedscardino.com
Craig S. Jepson
Texas State Bar No. 24061364
email:  cjepson@reedscardino.com
Jeffery R. Johnson
Texas State Bar No. 24048572
email:  jjohnson@reedscardino.com
REED & SCARDINO L.L.P.
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel. (512) 474-2449
Fax (512) 474-2622

Deron R. Dacus
Texas State Bar No. 00790553
email:  ddacus@dacusfirm.com
THE DACUS FIRM, PC
821 ESE Loop 323, Ste. 430
Tyler, Texas  75701
Tel. (903) 705-1170
Fax  (903) 581-2543

**COUNSEL FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Craig S. Jepson*
Craig S. Jepson